IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
C/A No.:3-17:cv-0<u>0902-JFA-PJG    </u>

| | |
|---|---|
| Cassandra A. Dollard,         )<br>                                           )<br>                         Plaintiff,  )<br>                                           )<br>v.                                      )<br>                                           )<br>South Carolina Department of Public  )<br>Safety,                                )<br>                                           )<br>                         Defendant.  ) | **ANSWER OF DEFENDANT** |

NOW COMES the Defendant, South Carolina Department of Public Safety ("SCDPS"), by and through its undersigned counsel, and answers the allegations of Plaintiff's Complaint, denying each and every allegation not specifically admitted, admitted in part or otherwise qualified, as follows:

## FOR A FIRST DEFENSE

1.      The Defendant admits that Plaintiff is a black female. The Defendant is without sufficient information to either confirm or deny the remaining allegations of paragraph 1. It therefore denies same and demands strict proof thereof.

2.      Paragraph 2 is admitted.

3.      Regarding paragraph 3 of the Complaint, Defendant admits only that the Plaintiff's Complaint purports to set forth claims pursuant to Title VII of the Civil Rights act of 1991 and statutory and case law.

1

4. In response to paragraph 4 of the Complaint, upon information and belief, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). Unless otherwise admitted, the remaining allegations of paragraph 4 are denied.

5. Paragraph 5 is admitted.

6. Regarding Paragraph 6 of the Complaint, Defendant craves record to the Plaintiff's personnel and disciplinary records. To the extent these allegations are inconsistent with those records, they are denied, including but not limited to the fact that Plaintiff had previously been formally reprimanded after it was determined that she had overcharged a trucking company for escort services.

7. Paragraph 7 is denied and strict proof is demanded thereof.

8. Regarding Paragraph 8 of the Complaint, Defendant admits only that in the general time frame referenced by Plaintiff she was interviewed by the Office of Professional Responsibility, as part of an investigation into allegations of various violations of SCDPS policy and regulations by the Plaintiff. Any remaining allegations of this paragraph are denied and strict proof is demanded thereof.

9. Regarding Paragraph 9 of the Complaint, Defendant admits only that, consistent with SCDPS policy in effect at the time, a condition of Plaintiff's promotion to Corporal was that she, like other corporals in the same district, was required to live in the area, and that this requirement was identified as part of the position posting. Any remaining allegations of this paragraph are denied.

10. Regarding Paragraph 10, Defendant admits only that at all times relevant to the matters alleged in the Plaintiff's Complaint, SCDPS policy was that all State Transport Police

("STP") Corporals posted to a position in District 6 were required to live in that district. Any remaining allegations of this paragraph are denied.

11. Defendant admits only that at some point Plaintiff relocated her domicile to District 6. Any remaining allegations of paragraph 11 are denied.

12. Regarding paragraph 12 of the Plaintiff's Complaint, Defendant admits only that an investigation conducted by SCDPS' Office of Professional Responsibility did determine that Plaintiff failed to show up for court as required by her job on two separate occasions during May 2014. Any remaining allegations of Paragraph 12 are denied.

13. Regarding paragraph 13, Defendant admits only that in or around July 2014, a fellow officer lodged a complaint about unprofessional behavior by Plaintiff during an interaction with the motoring public. Defendant admits that in response the Plaintiff's commanding officer directed OPR to investigate the complaint. Defendant admits that, not only did the OPR investigation verify that Plaintiff acted rudely and unprofessionally to a member of the motoring public by striking a motorist's vehicle with her fist and using profanity, the investigation of that incident led to the discovery of other incidents during 2014, and a consistent pattern of violations of STP policy by Plaintiff. Any remaining allegations of this paragraph are denied.

14. Regarding paragraph 14 of the Complaint, Defendant admits only that Plaintiff eventually admitted to a number of violations of STP policy and procedure. Any remaining allegations of this paragraph are denied.

15. Regarding paragraph 15 of the Complaint, Defendant asserts that the incident referenced by Plaintiff occurred on September 11, 2014, not September 1. Defendant admits that on September 11, 2014 at approximately 1:00 PM, Plaintiff advised her supervisor that she had

discharged her weapon towards two dogs approximately 6 hours earlier, during a morning run. Defendant admits that the incident was reported up Plaintiff's chain of command and that the commanding officer of STP instructed OPR to investigate the incident. Any remaining allegations of this paragraph not specifically admitted herein are denied.

16. Regarding paragraph 16 of the Complaint, Defendant admits that consistent with SCDPS policy regarding the discharge of a duty weapon, Plaintiff was placed on leave pending investigation on September 11, 2014.

17. Regarding paragraph 17 of the Complaint, Defendant admits only that by letter of November 25, 2015, Plaintiff was informed that her employment was terminated effective September 11, 2014 for violation of DPS Policy #400.08 (Disciplinary Action) and #400.08G (Guidelines for Progressive Disciplinary Action) for Willful Violation of Rules, Regulations, Policy or Procedure; Improper Conduct/Conduct Unbecoming a State Employee; and Negligence in the Performance of Duty.

18. Paragraph 18 of the Complaint is denied. Plaintiff was interviewed by OPR as part of the investigation.

**FOR A FIRST CAUSE OF ACTION AGAINST SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY (Race Discrimination in Violation of Title VII)**

19. Defendant incorporates its responses to the allegations in Paragraphs 1 through 18 as if fully set forth herein.

20. Defendant denies all allegations made by Plaintiff in Paragraphs 19 through 23 of the Complaint.

**FOR A SECOND CAUSE OF ACTION AGAINST SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY (Gender Discrimination in Violation of Title VII)**

21. Defendant incorporates its responses to the allegations in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

22. Defendant denies all allegations made by Plaintiff in paragraphs 24 through 29 of the Complaint.

### FOR A THIRD CAUSE OF ACTION AGAINST SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY
#### (Retaliation in Violation of Title VII)

23. Defendant incorporates its responses to the allegations in paragraphs 1 through 29 of the Complaint as if fully set forth herein.

24. Defendant denies all allegations made by Plaintiff in paragraphs 30 through 35 of the Complaint.

**NOW, THEREFORE,** having fully answered the allegations set forth in Plaintiff's Complaint, the Defendant in this action sets forth its Defenses and Affirmative Defenses:

#### FOR A FIRST DEFENSE

1. Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action or any claim upon which relief may be granted against these Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

#### FOR A SECOND DEFENSE

2. Plaintiff has failed to mitigate any damages she has allegedly suffered, and her claims are otherwise barred by the doctrines of unclean hands and collateral estoppel.

#### FOR A THIRD DEFENSE

3. The conduct of Defendant is not the proximate cause of the Plaintiff's injuries, if any, which the Defendant specifically denies.

## FOR A FOURTH DEFENSE

4. Plaintiff has failed to comply with the pre-conditions to suit prescribed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

## FOR A FIFTH DEFENSE

5. To the extent Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., allege a basis or bases of unlawful discrimination different from that specified in Plaintiff's charge filed with the United States Equal Employment Opportunity Commission and/or the South Carolina Human Affairs Commission, such claims are not actionable.

## FOR A SIXTH DEFENSE

6. Plaintiff has not suffered any significant, adverse employment action because of religion, age, gender, race, retaliation or any other protected bases as required under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

## FOR A SEVENTH DEFENSE

7. To the extent Plaintiff has not commenced this action within 90 days of her receipt of the appropriate Notice of Right to Sue from the United States Equal Employment Opportunity Commission or the South Carolina Human Affairs Commission, her claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., are barred.

## FOR A EIGHTH DEFENSE

8. To the extent Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., are based on conduct occurring prior to 300 days of the filing of Plaintiff's charge with the United States Equal Employment Opportunity Commission and/or the South Carolina Human Affairs Commission, such claims are not actionable.

**FOR A NINTH DEFENSE**

9. That to the extent this action is one seeking to collect punitive or exemplary damages brought against SCDPS, such an action for punitive damages is barred as a matter of law for a number of reasons, including but not limited to: the due process clause of the Fifth Amendment as applied to the states through the Fourteenth Amendment to the United States Constitution; an arguable extension of the prohibition of the excessive fines clause of the Eighth Amendment, as applied to the states through the Fourteenth Amendment; an arguable extension of the provisions of the Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment; relevant provisions of the South Carolina Constitution, including, but not limited to, Article I, Section 3; and the S.C. Tort Claims Act as herein pled; all of which are asserted as bars to recovery of punitive damages against SCDPS.

10. That, moreover, as the present case and statutory law standard to measure and confer power to a jury to award punitive damages under South Carolina law has not been formulated to comport with federal or state constitutional rights and guarantees, lacks objective criteria, lacks a meaningful standard, is void for vagueness, and violates constitutional due process and equal protection, an award of punitive damages would violate the Defendants' constitutional rights and guarantees.

11. That, further, the Plaintiff has failed as a matter of law to state a claim for which punitive damage relief is available against SCDPS.

**WHEREFORE,** having fully answered the Complaint herein, the Defendant SCDPS requests that:

1. the claims asserted and relief sought by Plaintiff be denied in each and every respect;

2. the claims asserted by Plaintiff be dismissed in their entirety with prejudice; and

3. Defendants be awarded their costs and attorney's fees under applicable case and statutory laws and such other and further relief as this Court may deem just and proper.

Dated this the 6th day of April, 2017.

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

s/C. Cliff Rollins
Eugene H. Matthews, #07141
C. Cliff Rollins, #09069
1900 Barnwell Street
Post Office Drawer 7788
Columbia, South Carolina 29202
T: (803) 771-4400
F: (803) 779-0016
E-mail:  gmatthews@RichardsonPlowden.com
E-mail:  crollins@RichardsonPlowden.com

**COUNSEL FOR RESPONDENT SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**